305-08/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant
YANG MING MARINE TRANSPORT CORP.
80 Pine Street
New York, NY  10005
(212) 425-1900
(212) 425-1901 fax
Attn: Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

AMERICAN HOME ASSURANCE                          **08 CV 4599 (LTS) (DF)**
COMPANY a/s/o FURNITURE BRANDS
INTERNATIONAL, INC,

                        Plaintiff,

                                                  **ANSWER TO COMPLAINT**

        - against -

M.V. YM HAMBURG, her engines, boilers,
appurtenances, etc.; HANJIN SHIPPING and
YANG MING MARINE TRANSPORT CORP.,

                        Defendants.
------------------------------------------------------------------x

        Defendant YANG MING MARINE TRANSPORT CORP (hereinafter "YANG

MING"), through its attorneys Freehill, Hogan & Mahar, LLP, responds to the Complaint of

Plaintiff AMERICAN HOME ASSURANCE COMPANY a/s/o FURNITURE BRANDS

INTERNATIONAL, INC (hereinafter "FBI") as follows:


        1.      DENIES knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph FIRST of the Verified Complaint.

        2.      DENIES knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph SECOND of the Verified Complaint.

3.      ADMITS that Defendant YANG MING was and now is a corporation organized and existing under and by virtue of the laws of a foreign country having an agent name Yang Ming (America) Corp. with an office at Newport Office Tower, 25th Floor, 525 Washington Boulevard, Jersey City, New Jersey 07310 – 1607 and further admits that YANG MING is engaged in business as carrier of merchandise by water except as so specifically admitted denies each and every other allegation contained in Paragraph THIRD of the Verified Complaint.

4.      DENIES the allegations contained in Paragraph FOURTH of the Verified Complaint.

5.      DENIES the allegations contained in Paragraph FIFTH of the Verified Complaint.

6.      ADMITS that on or about February 15, 2007 sealed container number PGRU9104708 was loaded aboard the YM HAMBRUG at Cebu, Philippines and was discharged at Wilmington, North Carolina but except as so specifically admitted herein denies each and every allegation contained in Paragraph SIXTH of the Verified Complaint.

7.      DENIES the allegations contained in Paragraph SEVENTH of the Verified Complaint.

8.      DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph EIGHTH of the Verified Complaint.

9.      DENIES the allegations contained in Paragraph NINTH of the Verified Complaint.

**FURTHER ANSWERING THE COMPLAINT, AND FOR A SEPARATE,
PARTIAL AND / OR COMPLETE DEFENSES THERETO,
DEFENDANT YANG MING MARINE TRANSPORT CORP. ALLEGES
UPON INFORMATION AND BELIEF AS FOLLOWS:**

### FIRST AFFIRMATIVE DEFENSE

10.    That the said shipment as described in Plaintiff's Complaint is subject to all the terms, conditions and exceptions contained in (a) certain bill(s) of lading then and there issued, by which the shippers and consignees of said bill(s) of lading agree to be and are bound.

Said shipment was transported on said vessel subject to the contractual terms and conditions of the aforesaid bill(s) of lading.

Any shortage, loss and/or damage to the shipment in suit which Defendant specifically denies was due to causes for which Defendant is not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea Act, approved April 16, 1936, and/or Harter Act, and/or the provisions of the said bill(s) of lading, (charterparty) and.or General Maritime Law and/or applicable foreign law.

### SECOND AFFIRMATIVE DEFENSE

11.    Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation of said shipment.

### THIRD AFFIRMATIVE DEFENSE

12.    That if the goods in suit were damaged, which is denied, the damage was proximately caused by insufficiency of packaging or inadequacy of marks, for which the

shipowner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(O) and (n), and by the terms of the contract of carriage.

### FOURTH AFFIRMATIVE DEFENSE

13.    That if the goods in suit were damaged, which is denied, the damage was proximately caused by inherent vice, defect or quality of goods in suit, for which the shipowner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(m), and by the terms of the contract of carriage.

### FIFTH AFFIRMATIVE DEFENSE

14.    Plaintiff has failed to properly and fully mitigate its damages in its Complaint.

### SIXTH AFFIRMATIVE DEFENSE

15.    That if the goods in suit were damaged, which is denied, the damage was proximately caused by an act or omission of the shipper, for which the shipowner is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(i), and by the terms of the contract of carriage.

### SEVENTH AFFIRMATIVE DEFENSE

16.    That Plaintiff failed to state a cause of action in its Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

17.    Defendant is not liable for the fire and resulting damage by reason of the Fire Statute, 46 U.S.C. § 186 and the Carriage of Goods by Sea Act 46 U.S.C. § 1304(2)(b), (m), (n), and (q).

### NINTH AFFIRMATIVE DEFENSE

18.    The maximum liability of Defendant, if any, is $500 per package or per customary freight unit as agreed to in the provisions of the bill(s) of lading and under the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. § 1304(5).

### TENTH AFFIRMATIVE DEFENSE

19.    That the venue of this matter is improperly placed in this District.

### ELEVENTH AFFIRMATIVE DEFENSE

20.    This suit should be removed on the basis of *forum non conveniens*.

### TWELFTH AFFIRMATIVE DEFENSE

21.    That if the goods in suit were lost and/or damaged, which is denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agents.

### THIRTEENTH AFFIRMATIVE DEFENSE

22.    Plaintiff is not a real party in interest with regard to the shipment in suit.

### FOURTEENTH AFFIRMATIVE DEFENSE

23.    That if Plaintiff's cargo suffered any loss or damage, with Defendant YANG MING denies, the such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(Q).

### FIFTEENTH AFFIRMATIVE DEFENSE

24.    The cargo in suit was transported pursuant to a charter party containing an arbitration clause which was incorporated by reference in the bills of lading issued for said

cargo. Accordingly, the claims alleged in the Complaint are subject to arbitration and Defendant YANG MING reserves their right to arbitrate.

### SIXTEENTH AFFIRMATIVE DEFENSE

25.     If Plaintiff's cargo suffered any loss or damage, which Defendant denies, said loss or damage was caused by a peril, danger or accident of the sea or other navigable waters for which Defendant is not liable under the provision of the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(c).

### SEVENTEENTH AFFIRMATIVE DEFENSE

26.     Plaintiff failed to give written notice or damage under the agreed provisions of the bill of lading, and under the provisions of the Carriage of Goods by Sea Act, 46 U.S.C. § 1303(6).

### EIGHTEENTH AFFIRMATIVE DEFENSE

27.     That the goods in suit were lost and/or damaged as a result of an Act of God, and/or peril, danger or accident of the sea for which the carrier is not liable under the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(d) and (c) and by the terms of the contract of carriage.

### NINETEENTH AFFIRMATIVE DEFENSE

28.     That if the goods in suit were lost and/or damaged, which is denied, the loss and/or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable under the Carriage of Goods by Sea Act 46 U.S.C. § 1304(2)(a).

**W H E R E F O R E,** Defendant YANG MING MARINE TRANSPORT CORP.

demands judgment dismissing the Complaint herein, together with costs and disbursements

of this action, and for such other and further relief as in the premises may be just and proper.


Dated: New York, New York
    July 21, 2008                    FREEHILL HOGAN & MAHAR, LLP
                                     Attorneys for Defendant
                                     YANG MING MARINE TRANSPORT CORP.

                                     By: _____
                                         Michael E. Unger (MU 0045)
                                         80 Pine Street
                                         New York, NY 10005
                                         (212) 425-1900 / (212) 425-1901 fax


TO:    McDermott & Radzik, LLP
       Wall Street Plaza
       88 Pine Street, 21st Floor
       New York, NY 10005-1801
       Attention: Edward C. Radzik, Esq.

       HANJIN SHIPPING
       80 East Route 4, Suite 390
       Paramus,NJ 07652-2655