EDWARD C. RADZIK (ER-2473)
McDERMOTT & RADZIK, LLP
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY  10005-1801
Attorneys for Plaintiff
(212) 376-6400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
AMERICAN HOME ASSURANCE
COMPANY a/s/o FURNITURE BRANDS
INTERNATIONAL, INC.,

                      Plaintiff,

   - against -

*M.V. YM HAMBURG,* her engines, boilers, appurtenances, etc.; HANJIN SHIPPING and YANG MING TRANSPORT,

                      Defendants.
-------------------------------------------------------X

08 Civ. 4599 (LTS) (DF)

**PRELIMINARY PRE-TRIAL STATEMENT**

Pursuant to the Court's Initial Conference Order dated May 27, 2008, the parties, by their respective attorneys submit the following Preliminary Pre-Trial Statement.

## **UNDISPUTED FACTS**

This case arises out of the ocean carriage of a cargo of wood furniture from the Philippines to the United States and, as such, falls within the admiralty or maritime jurisdiction of this Honorable Court, pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure. The furniture was transported on the M/V YM HAMBURG in two dryvan shipping containers numbered HJCU1336060 and

PGRU910478, respectively, pursuant to two separate bills of lading, numbered 00607603 and 610705, issued by Defendant, Hanjin Shipping, dated February 15, 2007. The bills of lading, which are in the form of "sea waybills", were marked "Shipper's Load & Count" for each of the two shipments.

The vessel *YM HAMBURG* was chartered at the times relevant to this action by Defendant, Yang Ming Transport Corp., and Yang Ming permitted other ocean carriers, including Defendant, Hanjin Shipping, to use cargo space on the vessel pursuant to the terms and conditions of a Master Agreement for Vessel Sharing and Slot Allocation.

## DISPUTED FACTS

Disputed facts include (a) how and when the cargo became damaged, (b) the extent of Plaintiff's monetary loss as the result of the damage, (c) the extent to which Plaintiff took reasonable steps to mitigate its alleged damages and (d) whether the cargo inside the containers was packaged for shipment. Also disputed are facts concerning whether the cargo became damaged while it was in the custody of one of Hanjin Shipping's sub-contractors or whether the sub-contractors were acting as agents of Co-Defendant, Yang Ming.

## CONTESTED LEGAL ISSUES

Contested legal issues include whether the facts support one or more affirmative defenses, which may be afforded to one or both Defendants by contract, statute or otherwise and whether any liability of the defendants is limited to $500 per package or

customary freight unit. There is also an issue as to whether one of Plaintiff's claims is governed by the Fire Statute, 46 U.S.C. § 182.

## UNDISPUTED LEGAL ISSUES

There is no dispute that Plaintiff's claims are governed by the United States Carriage of Goods by Sea Act of 1936 ("COGSA"), 49 Stat. 1207 (1936), Pub. L. No. 109-304, 120 Stat. 1485 (2006), reprinted in note following 46 U.S.C. § 30701, and the terms of the two relevant bills of lading.

## PLAINTIFF'S LEGAL BASIS FOR ITS CAUSE OF ACTION

Plaintiff contends that upon showing that it delivered its shipment of wood furniture to the Defendants in good order and condition and that it received the shipment, in damaged condition, it will have established a *prima facie* case under COGSA. Plaintiff contends that the Defendants will not be able to overcome Plaintiff's *prima facie* case by reason of any of the excepted causes under COGSA and that Defendants cannot sustain their statutory burdens of proof that the damage to Plaintiff's shipment was caused without any fault on the part of the Defendants or their agents. Plaintiff contends that it will prove its entitlement to monetary damages in the amount of $77,441.73. Plaintiff also contends that it will show that its efforts to mitigate damages were reasonable in the circumstances.

## LEGAL BASIS OF EACH DEFENSE

Defendants point out that COGSA exonerates an ocean carrier from liability for cargo loss or damage if caused by "fire, unless caused by the actual fault or privity of the

3

carrier", sec. 4(2)(b), or by "perils, dangers, and accidents of the sea", sec. 4(2)(c). Defendants contend that although discovery may be needed to further understand how the cargo damage occurred, Defendants assert that the subject containers suffered damage during or as a result of a stow collapse during a mid-ocean storm on or about March 4, 2007. Defendants contend that the storm constituted a "peril of the sea" within the meaning of COGSA.

Defendants assert that Container HJCU1336060 could not be discharged from the vessel at Wilmington, North Carolina until "hot work" was performed to cut away certain lashing and/or securing equipment. Defendants contend that while that work was underway, a fire started that caused the destruction of the cargo in that container. Defendants contend that, as a result of this incident, they are exonerated from any loss of or damage to the cargo in container HJCU1336060 by virtue of the Fire Statute and/or the fire exception in COGSA.

Defendants also point out that COGSA exonerates the carrier when the loss or damage results from "[a]ny other cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier." COGSA, sec. 4(2)(q). Depending on what is determined through discovery, it may well be the case that the alleged loss or damage at issue in this action resulted from a cause or causes for which defendants are not liable under the foregoing provision of COGSA, which is known as "the Q Clause".

Defendants contend that if they are nevertheless held liable for all or some portion of the damage at issue, their liability is limited to $500 per package or customary freight unit. Defendants assert that the bills of lading simply described the items in the containers as "pieces" and gave no indication that the individual pieces of furniture at issue were packaged for shipment, which would allow the Court to conclude that it was each individual shipping container that was the COGSA "package" or, if freight was charged on a lump sum basis per container, that each container was the shipping unit for purposes of the alternative $500 per customary freight unit limitation.

## AMENDMENTS TO PLEADINGS

The parties stipulate that any amendments to the pleadings shall be served on or before October 6, 2008.

## SETTLEMENT

The parties have explored settlement prior to the commencement of the action. The parties are not aware of any barriers that would foreclose them from re-opening settlement discussions during the pendency of this action; particularly after preliminary discovery materials have been exchanged.

It has been the collective experience of counsel for Plaintiff and counsel for both Defendants that, as is typical in most similar maritime cargo cases, the likelihood of an out-of-court amicable settlement is relatively high.

## MEDIATION

It has been the collective experience of counsel for Plaintiff and counsel for both Defendants that mediation, especially when administered by a United States Magistrate Judge in the Southern District of New York is highly effective in facilitating resolution of these types of cases.

## JURY

This case is to be tried without a jury.

## CONSENT TO MAGISTRATE

At this time, there is no unanimity on consent to try this case before a Magistrate Judge.

## DISCOVERY

The parties anticipate discovery in the form of document requests, limited interrogatories and notices of deposition of key witnesses. The parties anticipate that fact discovery may be reasonably concluded within six (6) months of the filing of this Schedule or by March 5, 2009.

## EXPERT WITNESSES

All parties reserve their rights regarding the designation of experts. Expert reports, if any, shall be served no later than thirty (30) days after completion of fact discovery and depositions of said experts is to commence approximately two (2) weeks thereafter.

Dated: New York, New York
       September 5, 2008

McDERMOTT & RADZIK, LLP                    FREEHILL HOGAN & MAHAR, LLP

_____            _____
Edward C. Radzik (ER-2473)                 Michael E. Unger (MU-0045)
Wall Street Plaza                          80 Pine Street
88 Pine Street                             New York, NY  10005-1759
New York, NY  10005-1801                   (212) 425-1900
(212) 376-6400                             Fax:  (212) 425-1901
Fax:  (212) 376-6488                       Unger@Freehill.com
eradzik@mcdermottradzik.com

BURKE & PARSONS

_____
Keith W. Heard (KH-8578)
100 Park Avenue – 30th Floor
New York, NY  10017
(212) 354-3800
Fax:  (212) 221-1432
heard@burkeparsons.com